1

2

3

4

5

6

7

8

9

10

11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

12 | WILLIAM EHLY,

13 |             Plaintiff,

14 |       v.

15 | J. NAVARRO,

16 |             Defendant.

Case No.  1:13-cv-01195-SAB-PC

ORDER DISMISSING THIS ACTION FOR
FAILURE TO STATE A CLAIM UPON
WHICH RELIEF COULD BE GRANTED
AND THAT THIS ACTION COUNT AS A
STRIKE UNDER 28 U.S.C. § 1915(g).

17

18     Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C.

19  § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

20  Pending before the Court is the December 22, 2014, First Amended Complaint, filed in response

21  to an order dismissing the original complaint with leave to amend (ECF No. 7.)

22  ///

23  ///

24  ///

25  ///

26  ///

27

28  [1] Plaintiff filed a consent to proceed before a magistrate judge on September 9, 2013 (ECF No. 6).

1

# I.

## PROCEDURAL HISTORY

This action was initiated by civil complaint filed on July 31, 2013. (ECF No. 1.)   On November 21, 2014, an order was entered, dismissing the original complaint for failure to state a claim and granting Plaintiff leave to file an amended complaint. (ECF No. 7.)  On December 22, 2014, Plaintiff filed the First Amended Complaint that is before the Court. (ECF No. 8.)

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Pleasant Valley State Prison, brings this civil rights action against Defendant J. Navarro, a Correctional Counselor employed by the CDCR at Pleasant Valley State Prison.  Plaintiff claims that Defendant Navarro impeded his access to the courts in violation of the First Amendment.

# II.

## ALLEGATIONS

In the order dismissing the original complaint, the Court noted the following allegations. Plaintiff alleged that on December 13, 2012, the day before a scheduled telephone conference with a court, Plaintiff received an inmate pass to the Correctional Counselor's office in his housing unit for the scheduled court call.  The next day, Plaintiff arrived approximately 20 minutes before the scheduled call.  Defendant Navarro directed Plaintiff to sit at a table outside the office.  Plaintiff waited approximately one hour before Navarro called him into the office to place the call on Plaintiff's behalf.

Once Navarro placed the call, the court informed Plaintiff that he was late, and dismissed his case as a sanction.  Plaintiff alleged that Navarro intentionally waited until forty minutes past the scheduled time to make the call.  Plaintiff also alleged that Navarro falsely indicated in a handwritten memorandum that Plaintiff was notified twenty minutes before the hearing, but did not appear until twenty minutes after the hearing.

///

///

**III.**

**ANALYSIS**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. DiVittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011)(citing Lewis, 518 U.S. at 348)(internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Phillips, 588 F.3d at 655.

In the order dismissing the original complaint, the Court noted that although Plaintiff clearly alleged that the conduct of Defendant Navarro impeded his access to the courts, he did not specify the nature of the action that he was litigating. Plaintiff referred to a state court action regarding the loss of his personal property. Plaintiff did not specifically allege what his civil action was about, or whether it directly challenged the conditions of his confinement.

In the First Amended Complaint, Plaintiff refers to a "Superior Court Property Loss" claim. (Am. Compl. p. 5.) In the original complaint, Plaintiff referred to Fresno County Superior Court case number 12CECL04049. Plaintiff attaches exhibits to his First Amended Complaint. Page 5 of the exhibits is a copy of an order to show cause minute order entered in case number 12CECL04049, indicating that the case was dismissed without prejudice on December 14, 2012, because Plaintiff had not appeared. Page 26 of the exhibits is a copy of the complaint filed in Fresno County Superior Court case number 12CECL04049. The complaint was filed on a form complaint for a cause of action for general negligence. In case number 12CECL04049, Plaintiff claims that correctional officials at Kern Valley State Prison negligently failed to ensure that various items of Plaintiff's personal property were forwarded from Kern Valley State Prison to Folsom State Prison. The defendants in that action were also charged with a failure to account for or locate the missing items of personal property.

The right of access to the courts is merely the right to bring to court a grievance the

1  inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil

2  rights action.  Lewis, 518 U.S. at 354.   In Lewis, the Supreme Court noted that previously,

3  nearly all of the access-to-court cases involved attempts by inmates to pursue direct appeals from

4  the convictions for which they were incarcerated. The limited extension of the right of access to

5  courts was justified on the ground that the line between habeas petitions and civil rights action

6  was not always clear. Id.  There is no authority for the proposition that the right of access to

7  courts was extended beyond civil rights protected by the Constitution or federal law.

8      Here, Plaintiff does not seek to vindicate a right protected under the Constitution or

9  federal law.   The conduct challenged in case number 12CECL04049 is an unauthorized loss of

10  Plaintiff's personal property.   Authorized, intentional deprivations of property are actionable

11  under the Due Process Clause.  Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984).  The Due

12  Process Clause is not violated by the random, unauthorized deprivation of property so long as the

13  state provides an adequate post-deprivation remedy.   Hudson, 468 U.S. at 533; Barnett v.

14  Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).  Plaintiff has an adequate post-deprivation remedy

15  under California law.  The Government Claims Act, (California Government Code §§810-895),

16  provides a remedy for tort claims against public entities and employees.   Plaintiff may not,

17  therefore, pursue a due process claim arising out of the unlawful confiscation of his personal

18  property.  Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895).

19                                              **IV.**

20                               **CONCLUSION AND ORDER**

21      The Court found that in the original complaint, Plaintiff clearly alleged facts indicating

22  that Defendant Navarro impeded Plaintiff's access to court.  Plaintiff did not, however, allege

23  any facts indicating that he suffered actual injury within the meaning of Lewis v. Casey, 518

24  U.S. at 354.  In the First Amended Complaint, Plaintiff alleges that he was pursuing a property

25  claim, and submitted an exhibit that established that Plaintiff was clearly pursuing a claim in

26  state court for an unauthorized deprivation of property.  Plaintiff was not, therefore, seeking to

27  challenge the conditions of his confinement by vindicating a right protected by the Constitution

28  or federal law.  The Court finds that this action cannot be cured by further amendment.

1    Because Plaintiff has not filed a First Amended Complaint that corrects the deficiencies

2    identified by the Court in the order dismissing the original complaint, the Court dismisses this

3    action with prejudice for failure to state a claim upon which the Court could grant relief.  See

4    Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007)(recognizing longstanding rule that leave to

5    amend should be granted even if no request to amend was made unless the court determines that

6    the pleading could not be cured by the allegation of further facts); See Ferdik v. Bonzelet, 963

7    F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed

8    plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

9    Accordingly, IT IS HEREBY ORDERED that:

10   1.  This action is dismissed for failure to state a claim upon which relief can be granted;

11   2.  This action shall count as a strike under 28 U.S.C. § 1915(g); and

12   3.  The Clerk of Court is directed to close this case.

13

IT IS SO ORDERED.

14

15   Dated:   **December 23, 2015**

_____
UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28